UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

Case No.    09-20430

Honorable Patrick J. Duggan

RICO REYNARD JACKSON,
    Defendant.
                                       /

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Sentence Reduction. The Court appointed counsel to represent Defendant in connection with the instant motion and directed the Probation Office to weigh in on Defendant's eligibility for a sentence reduction. Having been fully briefed on the propriety of granting a reduction, the Court finds that such a reduction is appropriate in this case.

On April 20, 2011, Defendant Rico Jackson pled guilty to possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). Pursuant to a plea agreement entered into with the Government, Defendant was held accountable for possessing various narcotics with a marijuana equivalency of 1,280.59 kilograms. The original Presentence Investigation Report ("PSR") dated June 29, 2011 noted that the mandatory minimum sentence was 60 months and calculated Defendant's total offense level as 31 and Defendant's criminal history category as III, resulting in an advisory guidelines range of 135 to 168 months of incarceration. The Court adopted the PSR without change but did grant Defendant a variance. On September 19, 2011, the Court sentenced

Defendant to a term of 72 months.[1]

Defendant subsequently filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2),[2] following retroactive amendments to the Sentencing Guidelines related to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372.

"The FSA, enacted on August 3, 2010, amended several statutes to increase the amount of crack-cocaine necessary to trigger mandatory minimum sentences." *United States v. Turner*, 456 F. App'x 545, 547 (6th Cir. 2012) (citation omitted). Congress also directed the Sentencing Commission to amend the Sentencing Guidelines to reduce disparity between crack and cocaine offenses. In accordance with this directive, the Commission issued an emergency amendment to the Guidelines, effective November 1, 2010, which amended § 2D1.1(c)'s drug quantity table and reduced the base offense level for various quantities of crack cocaine. 25 Fed. Reg. 66188 (Oct. 27, 2010). After issuing this temporary amendment, the Commission unanimously voted to make this amendment, now designated as Amendment 750 in Appendix C of the Guidelines,

---

[1] The Court notes that the parties' Rule 11 Agreement provided for a sentencing range of 63-78 months.

[2] Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

retroactive. Amendment 750 went into effect on November 1, 2011. 76 Fed. Reg. 24960 (May 3, 2011).

As a result of the FSA and the Sentencing Commission's amendments realigning the base offense levels, Defendant's base offense level has been reduced from 31 to 26. At the original sentencing, the Court imposed a two-level increase due to possession of a firearm, and a three-level deduction for acceptance of responsibility. Applying the two-level increase for possession of a firearm and the three-level deduction for acceptance of responsibility results in a revised total offense level of 25. Based on Defendant's criminal history category of III, the pertinent guidelines range for a total offense level of 25 is 70-87 months. The Court notes that although the amount of crack cocaine necessary to trigger the mandatory minimum was increased in the wake of the FSA, Defendant remains subject to a 60-month mandatory minimum.

Defendant's original sentence of 72 months falls within the amended sentencing range. However, Defendant seeks a reduction from the guidelines range of 70-87 months but recognizes that the Court may not reduce the sentence below the 60-month mandatory minimum. In responding to Defendant's motion, the Government acknowledges that Defendant's guidelines range has been reduced to 70-87 months but notes that any "reduction may not be lower than the mandatory minimum sentence of 60 months required by the statute." The Probation Office agrees with the amended guidelines range.

In support of Defendant's request to vary from the 70-87 months and impose a sentence of 60 months, Defendant points out that, at the time of the initial sentence, the Court believed that a significant variance from the guidelines range was appropriate and

Defendant believes that a variance from the current guidelines range of 70-87 months is warranted. Defendant points out that, "[s]ince he has been incarcerated, Defendant Jackson has completed the Drug Education Abuse Course at FCI-Morgantown, and the Drug Abuse Treatment Course at FCI-Morgantown." Defendant has submitted a certificate reflecting the completion of the Drug Abuse Treatment Course.

The Probation Office has informed the Court that the Defendant has adjusted well to incarceration and is not considered a management problem. Furthermore, the Court is advised that while in custody Defendant has primarily worked in the kitchen and has maintained positive work evaluations on his assignments. He has not incurred any incident reports. On the basis of this information and taking the Court's previous variance below the guidelines range into consideration, the Probation Office's § 1B1.10 Report recommends that Defendant be committed to the custody of the Bureau of Prisons for a term of 60 months to be followed by a term of 4 years of supervised release.

Having reviewed Defendant's motion, the Government's response, and the information submitted to the Court by the Probation Office, the Court believes that Defendant's sentence should be reduced to 60 months followed by a term of 4 years of supervised release. The remainder of the original sentence shall remain unaffected.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Stacey M. Studnicki, FDO
Anjali Prasad, AUSA