UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 09-20430

                              Hon. Patrick J. Duggan

RICO REYNARD JACKSON,

    Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND/REVISE PRE-SENTENCE INVESTIGATION REPORT**

On April 20, 2011, Defendant Rico Reynard Jackson pleaded guilty to Possession with Intent to Distribute More Than Five Grams of Cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). At the time, this conviction carried a mandatory minimum of 60 months. The original Presentence Investigation Report ("PSR") dated June 29, 2011 provided for a total offense level of 31 and criminal history III, resulting in a sentencing range of 135 to 168 months. This range included probation's two-level adjustment in the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Defendant's counsel objected to the reference to the firearm in the PSR, but this Court adopted the PSR without change. The Court adopted probation's guideline calculation but granted Defendant's motion for variance, resulting in the imposition of a sentence for a

term of 72 months.  Subsequent to the September 19, 2011 sentencing, the Fair Sentencing Act became law.  As a result of the Act's amendments to the drug guidelines, Defendant's guideline range decreased to a range of 70 to 87 months.  On June 20, 2013, upon Defendant's motion, this Court granted Defendant a reduction in sentence, ordering Defendant committed to the custody of the Bureau of Prisons for a term of 60 months to be followed by a term of 4 years of supervised release.

On March 17, 2014, Defendant filed a motion to amend/revise pre-sentence investigation report in which he seeks to have any reference to firearm possession removed so that he may receive an early release from prison upon completion of the Bureau of Prisons' 500-hour drug treatment program.  This motion is presently before the Court.

Title 18 U.S.C. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

*Id.*  Because the statute does not define "nonviolent offense" and does not set forth criteria for early release, the Bureau of Prisoners promulgated regulations to implement the statute.  *Palm v. Walton*, No. 11-10957, 2013 U.S. Dist. LEXIS 3261, at *4 (E.D. Mich. Jan. 9, 2013) (unpublished).  One of these regulations provides "that inmates whose current felony offense is a felony that 'involved the

2:09-cr-20430-PJD-MKM   Doc # 60   Filed 05/15/14   Pg 3 of 4   Pg ID 233

carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)' . . . are ineligible for early release." *Id.* at *4-5 (quoting 28 C.F.R. § 550.55(b)(5)(ii)).

In this case, the reference to the firearm found at Defendant's residence during a raid by authorities led administrators of Defendant's residential drug and alcohol program to inform him that he is precluded from benefitting from a sentence reduction following completion of the program. (Def.'s Mot. ¶ 5.) The Court finds no reason to disturb the reference to the firearm in the PSR. The firearm was found in Defendant's residence during the course of a raid by federal law enforcement officials upon information that Defendant was selling and storing narcotics in his home. Pursuant to U.S.S.G. § 2D1.1(b)(1) application note 11, a firearm adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. A defendant need not have been convicted of a firearm offense for the guideline enhancement to apply. Defense counsel objected to the firearm reference at Defendant's sentencing; the Court, however, overruled the objection and adopted the PSR. That Defendant wishes to have the reference removed so that he *may* benefit from the reduction set

forth in 18 U.S.C. § 3621(e)(2)(B) is not sufficient grounds to amend Defendant's PSR.[1]

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Amend/Revise Pre-Sentence Investigation Report (ECF No. 57) is **DENIED**.

Date: May 15, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Rico Jackson**, #42595-039
FCI Morgantown
Box 1000
Morgantown, West Virginia 26507-1000

**Stacey M. Studnicki, FDO**
**Anjali Prasad, AUSA**

---

[1] The Court notes that "[t]he discretion to grant an early release under 18 U.S.C. § 3621(e)(2)(B) lies with the BOP, not with the Court, and the exercise of that discretion is not mandatory even if the BOP finds that the prisoner has met the criteria for early release. The language of the statute makes that clear. See 18 U.S.C. § 3621(e)(2)(A)and (B). *See also* Lopez v. Davis, 531 U.S. 230, 241, 148 L. Ed. 2d 635, 121 S. Ct. 714 (2001) ('When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.')." *United States v. Coates*, 295 F. Supp. 2d 11, 22 (D.D.C. 2003).